IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAMELA PETER, | ) |
|                 Plaintiff, | ) |
| | ) Civil Action |
| v. | ) |
| | ) No. 11-1328-KHV-DJW |
| CARE 2000 HOME HEALTHCARE | ) |
| SERVICES OF HUTCHINSON, INC., | ) |
| | ) |
|                 Defendant. | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings suit against Care 2000 Home Healthcare Services of Hutchinson, Inc, seeking unpaid wages, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The parties have reached a settlement agreement. This matter is before the Court on the Joint Motion For Approval of Settlement Agreement As Stipulated Final Judgment (Doc. #23) filed October 8, 2012.

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable. McCaffrey v. Mortg. Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The provisions of the FLSA are not subject to private negotiation between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352; Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008). To allow such waivers would nullify the effectiveness of the Act.

Requiring court approval of such settlements thus effectuates the purpose of the FLSA – to "protect certain groups of the population from substandard wages and excessive hours. . . . due to

the unequal bargaining power as between employer and employee," which may "endanger[] national health and well-being and the free flow of goods in interstate commerce." Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey, 2011 WL 32436, at *2; Lynn's Food Stores, 679 F.2d at 1354.

**I.      Bona Fide Dispute**

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. See Dees, 706 F. Supp.2d at 1241. To meet this obligation, the parties should provide the following information: (1) a description of the nature of the dispute (e.g., a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. McCaffrey, 2011 WL 32436, at *2. The parties' settlement agreement does not provide the required information.

**II.     Fair And Reasonable**

To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA. When determining the reasonableness of a settlement to the employee, the framework for evaluating the fairness of a class action settlement is instructive. Id. at *2. The Tenth Circuit considers the following factors when determining whether to approve a class action settlement under Rule 23(e), Fed. R. Civ. P.: (1) whether the

parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.  Here, the parties have not provided sufficient evidence for the Court to determine that the settlement is fair and reasonable.

### III.    Reasonable Attorney Fees

To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine whether plaintiff's counsel is adequately compensated and ensure that a conflict of interest does not taint the amount which plaintiff receives under the agreement.  See Dees, 706 F. Supp.2d at 1243.  Here, the parties' proposed settlement specifically states that "each party is responsible for payment of their own attorney fees."  Doc. #23-1.  The parties have not cited any exceptions to the general rule that a settlement must contain an award of reasonable attorney fees.

For reasons set forth above, the Court overrules the motion to approve the settlement.

**IT IS THEREFORE ORDERED** that the Joint Motion For Approval of Settlement Agreement As Stipulated Final Judgment (Doc. #23) filed October 8, 2012 be and hereby is **OVERRULED** without prejudice.

Dated this 20th day of November, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

3